UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CAESAR, | 1:13-cv-01726-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (Doc. 11.) |
| vs. | |
| JEFFREY BEARD, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I.      BACKGROUND

Danny Caesar ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 28, 2013.  (Doc. 1.)

The court screened the Complaint under 28 U.S.C. § 1915A and entered an order on March 17, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 10.)  On April 17, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (Doc. 11.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the First Amended Complaint allegedly occurred.  Plaintiff names as defendants Jeffrey Beard (Director, CDCR), Ms. Lopez (Chief Medical Officer-KVSP), Ismael Patel (Primary Care Physician-KVSP), and Kongara Nanditha (Primary Care Physician-KVSP) (collectively, "Defendants").  Defendants were employed by the CDCR at KVSP at the time of the events at issue.  Plaintiff's factual allegations follow.

Plaintiff has suffered from a permanent degenerative medical condition known as "frostbite residuals," since 1976.  First Amended Complaint at 3 ¶IV.  Since his initial injury, Plaintiff's medical condition has worsened.  Plaintiff suffers pain during prolonged standing and walking, and he was issued a wheelchair at Pelican Bay State Prison.

Since his arrival at KVSP, Plaintiff's medical treatment has changed.  Officials propose to take away his wheelchair and other ADA protections necessary for daily functioning.  Dr. Patel denied Plaintiff access to a neurologist, the most qualified doctor to treat his condition, claiming he can diagnose Plaintiff's diseased nervous system better than a neurologist.  Dr. Patel also denied Plaintiff the use of his wheelchair.

Plaintiff filed two inmate appeals against Dr. Patel, resulting in the denial of access to a neurologist and the use of a wheelchair by Director Jeffrey Beard.

Dr. Kongara requested and obtained the approval of Chief Medical Officer Lopez to take away Plaintiff's permanent chrono for a wheelchair and various other ADA protections.  Defendants all acted with negligence and subjected Plaintiff to cruel and unusual punishment.

Plaintiff requests injunctive relief.

## IV.  PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d

3

1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds <u>by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." <u>Id.</u> (citing <u>McGuckin</u>, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." <u>Id.</u>  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  <u>McGuckin</u> at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id.</u> at 1057 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id.</u> (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. <u>Id.</u> at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." <u>Id.</u> (citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990)).

///

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chosen was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that he suffers from a permanent degenerative medical condition, frostbite residuals, which causes him pain during prolonged standing and walking.  This allegation is sufficient to meet the objective serious medical need standard.  However, Plaintiff fails to allege facts demonstrating that any of the Defendants acted against him with deliberate indifference.  Plaintiff's allegations do not demonstrate more than a difference of opinion between Plaintiff and his doctors, whether Plaintiff's treatment should include access to a wheelchair or a visit to a neurologist.  Plaintiff has not alleged facts showing that any of the Defendants acted against him, or failed to act, while knowing of and disregarding a substantial risk of serious harm to Plaintiff.  Therefore, Plaintiff fails to state a cognizable medical claim.

To the extent that Plaintiff seeks to state an ADA[1] claim, the treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA.  <u>Burger v. Bloomberg</u>, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); <u>Fitzgerald v. Corr. Corp. of Am.</u>, 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").  Plaintiff refers to his intermittent use of a wheelchair, but does not specifically allege facts indicting that he is a qualified individual with a disability, or what specific service, program or activity he was denied based upon that disability.  Plaintiff may not assert his list of complaints regarding conditions of confinement under the umbrella of the ADA.  Therefore, Plaintiff fails to state an ADA claim.

---

[1] Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.

Plaintiff alleges that defendant Beard addressed Plaintiff's prison appeals, denying his requests for a wheelchair and an outside neurologist.   Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.   <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).   Because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, <u>Jett</u>, 439 F.3d at 1098, there may be limited circumstances in which those involved in reviewing an administrative appeal can be held liable under section 1983, but that circumstance has not been presented here.   The mere existence of an administrative appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result.   <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).   Therefore, the court finds that Plaintiff fails to state a claim against defendant Beard.

## V.   CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.   The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court.   Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.   The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.   28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.     This action be DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted; and

2.     This dismissal count as a STRIKE pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.   The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **March 17, 2015**                      **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE