UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CAESAR,<br><br>            Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD et al.,<br><br>            Defendants. | No. 1:13-cv-01726-DAD-BAM<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS; AND REFERRING THIS MATTER TO THE ASSIGNED MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS<br><br>(Doc. No. 12) |

Plaintiff Danny Caesar is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This action proceeds on plaintiff's first amended complaint, which seeks relief based on alleged violations of the Eighth Amendment and the Americans with Disabilities Act. (*See* Doc. No. 11.) In his first amended complaint, plaintiff alleges as follows. Since 1976 plaintiff has suffered from a permanent degenerative medical condition, known as frostbite residuals. (*Id.* at 3.) Plaintiff's condition causes him significant pain during periods of prolonged standing or walking. (*Id.*) While plaintiff was previously incarcerated at Pelican Bay State Prison ("PBSP"), prison medical staff provided him with certain treatments and/or accommodations, including the

use of a wheelchair, based on medical necessity. (*Id.* at 3–4.) However, when he was transferred to Kern Valley State Prison ("KVSP"), prison medical officials—including defendants Patel, Lopez, and Nanditha—concluded that such treatments and/or accommodations were unnecessary, denied plaintiff access to a neurologist, and denied plaintiff continued use of a wheelchair. (*Id.*)

On March 17, 2015, the then-assigned magistrate judge issued findings and recommendations addressing plaintiff's first amended complaint, recommending that this action be dismissed with prejudice, due to plaintiff's failure to state a claim for relief. (Doc. No. 12.) After several extensions of time were granted within which to do so, due in part to plaintiff's change of address, plaintiff finally filed his objections to those findings and recommendations on February 8, 2016. (Doc. No. 35.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court declines to adopt the March 17, 2015 findings and recommendations. Each of plaintiff's claims is addressed in turn below.

## DELIBERATE INDIFFERENCE

To state an Eighth Amendment claim of deliberate indifference, a prisoner must allege facts showing that objectively he suffered a sufficiently serious deprivation of the right not to be subjected to cruel and unusual punishment and that subjectively each defendant had a culpable state of mind when he or she caused or allowed the serious deprivation to occur. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991). The culpable state of mind that must be shown is one of deliberate indifference to the prisoner's needs. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 299. Neither accident nor negligence constitutes cruel and unusual punishment. *Whitley v. Albers,* 475 U.S. 312, 319 (1986). To meet the applicable standards, a plaintiff who claims that prison staff denied medical care or provided inadequate medical care must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A claim of constitutionally inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974

2

F.2d 1050, 1059 (9th Cir.1992).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *Id.* (quoting *Estelle*, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities."  *Id.* at 1059–60.  In addition to alleging facts demonstrating the seriousness of his medical need, the prisoner must allege facts demonstrating that each defendant responded to the serious medical need with deliberate indifference.  Allegations demonstrating deliberate indifference are required in order to satisfy the subjective prong of the two-part test applicable to an Eighth Amendment claim. *Farmer*, 511 U.S. at 834.

Here, while plaintiff's first amended complaint is brief, it alleges facts that, construed in the light most favorable to plaintiff, are sufficient to state a cognizable Eighth Amendment claim.  As the then-assigned magistrate judge did, the court will also assume at this screening stage of the litigation that plaintiff's condition of frostbite residuals constituted a serious medical need.  The court also concludes that plaintiff has alleged facts sufficient to support that inference that defendants Patel, Lopez, and Nanditha responded to that serious medical need with deliberate indifference by refusing to provide any treatment for plaintiff's condition.  While evidence discovered in this case may later demonstrate that defendants' lack of response does not rise to the level of deliberate indifference, the court finds that plaintiff has not pled facts that would suggest defendants' actions or omissions merely reflected a difference of medical opinion between a prisoner and medical staff.  Thus, this case should proceed on plaintiff's deliberate indifference claim against defendants Patel, Lopez, and Nanditha only.[1]

## AMERICANS WITH DISABILITIES ACT

Plaintiff also alleges that defendants' conduct violated the Americans with Disabilities Act ("ADA").  However, plaintiff has named only individual prison officials as defendants in this action.  The ADA does not provide for individual capacity suits against state officials with respect

---

[1] The then-assigned magistrate judge concluded that plaintiff may not maintain a deliberate indifference claim against defendant Beard solely on the basis of his involvement in the administrative appeals process.  (*See* Doc. No. 12 at 6.)  The court agrees with that assessment.

to a claim based on discrimination in the provision of public services. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Rather, the proper defendant to be named in such a claim under the ADA is the public entity responsible for the alleged discrimination. *See* 42 U.S.C. § 12132; *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998) ("State prisons fall squarely within the statutory definition of "public entity[.]").

Even were plaintiff to have named a public entity in this action, however, he has failed to allege facts sufficient to satisfy every element of an ADA claim. In order to state a claim under Title II of the ADA, a plaintiff must allege that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo County*, 609 F.3d 1011, 1021 (9th Cir. 2010). Here, while plaintiff may have alleged fact sufficient to establish that he is an individual with a disability, he has not alleged that because of his disability, he was denied access to services, programs, or activities at KVSP that he was otherwise qualified for. Accordingly, plaintiff's ADA claim must be dismissed.

## ORDER

For the reasons stated herein,

1. The court declines to adopt the March 17, 2015 findings and recommendations addressing the sufficiency of plaintiff's first amended complaint (Doc. No. 12);
2. Plaintiff's ADA claim is dismissed for failure to state a cognizable claim[2];
3. This action may proceed on plaintiff's Eighth Amendment claim of deliberate indifference against defendants Patel, Lopez, and Nanditha only; and

/////

---

[2] In light of these deficiencies, it is likely futile for plaintiff to file an amended complaint to attempt to state a cognizable ADA claim. Should he nonetheless wish to attempt do so, plaintiff shall file a second amended complaint within twenty-one days of the date of this order. If no second amended complaint is filed, this action shall proceed only on plaintiff's Eighth Amendment claim of deliberate indifference and only against defendants Patel, Lopez, and Nanditha as indicated above.

1     4.  This matter is referred back to the now assigned magistrate judge for further
2         proceedings consistent with this order.
3  IT IS SO ORDERED.
4     Dated:   **February 22, 2017**                    *Dale A. Drozd*
5                                                UNITED STATES DISTRICT JUDGE

5