1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

DANNY CAESAR,

No.  1:13-cv-01726-DAD-BAM

12

Plaintiff,

13

v.

ORDER DENYING PLAINTIFF'S MOTIONS
FOR PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER

14

JEFFREY BEARD et al.,

15

Defendants.

(Doc. Nos. 35, 37)

16
17
18

Plaintiff Danny Caesar is a state prisoner proceeding *pro se* and *in forma pauperis* in this

19

civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are plaintiff's motions

20

for a preliminary injunction, filed on July 18, 2016 (Doc. No. 35), and for a temporary restraining

21

order, filed on February 27, 2017 (Doc. No. 37).

22

RELEVANT PROCEDURAL BACKGROUND

23

On April 17, 2014, plaintiff filed his first amended complaint in this action.  (Doc. No.

24

11.)  In pertinent part, plaintiff alleges therein as follows.  Plaintiff has suffered from a permanent

25

degenerative medical condition known as "frostbite residuals," since 1976.  Due to pain during

26

prolonged standing and walking, he was issued a wheelchair at Pelican Bay State Prison.  Plaintiff

27

was later transferred to Kern Valley State Prison, where officials proposed to take away his

28

wheelchair and other ADA accommodations and protections necessary for his daily functioning.

1

1  Dr. Patel denied plaintiff access to a neurologist, the type of doctor most qualified to treat

2  plaintiff's condition, with Dr. Patel claiming that he can diagnose plaintiff's diseased nervous

3  system better than a neurologist.  Dr. Patel also denied plaintiff the use of his wheelchair.  Dr.

4  Nanditha also requested and obtained the approval of Chief Medical Officer Lopez to take away

5  plaintiff's permanent chrono for a wheelchair and various other ADA protections.

6      On March 17, 2015, the then-assigned magistrate judge issued findings and

7  recommendations addressing plaintiff's first amended complaint, recommending that this action

8  be dismissed with prejudice due to plaintiff's failure to state a cognizable claim for relief.  (Doc.

9  No. 12.)  After several extensions of time were granted within which to do so, due in part to

10  plaintiff's transfer and change of address, plaintiff finally filed his objections to those findings

11  and recommendations on February 8, 2016.  (Doc. No. 35.)

12      On February 23, 2017, the court declined to adopt the March 17, 2015 findings and

13  recommendations. (Doc. No. 36.)  The court determined that plaintiff's first amended complaint

14  stated a cognizable claim for deliberate indifference to a serious medical need in violation of the

15  Eighth Amendment against defendants Patel, Lopez, and Nanditha.  Specifically, the court

16  concluded that at this stage of the litigation, plaintiff had alleged facts sufficient to support the

17  inference that defendants Patel, Lopez, and Nanditha responded to plaintiff's serious medical

18  need with deliberate indifference by refusing to provide any treatment for plaintiff's medical

19  condition.  (*Id.*)  The undersigned also determined that plaintiff had failed to state a cognizable

20  claim under the ADA in his first amended complaint, but granted him leave to amend regarding

21  that claim.  Plaintiff was granted twenty-one days from the date of service of that order to file a

22  second amended complaint to attempt to state a cognizable ADA claim.  (*Id*. at 4 n.2.)

23                                     LEGAL STANDARD

24      The standards governing the issuance of temporary restraining orders are "substantially

25  identical" to those governing the issuance of preliminary injunctions.  *Stuhlbarg Intern. Sales Co.,*

26  *Inc. v. John D. Brushy and Co., Inc*., 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Am. Trucking Ass'n,*

27  *Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  The purpose of a preliminary

28  injunction is to preserve the status quo if the balance of equities so heavily favors the moving

1  party that justice requires the court to intervene to secure the positions until the merits of the

2  action are ultimately determined. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "A

3  plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

4  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

5  equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural*

6  *Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an

7  extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

8  showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)

9  (quotations and citations omitted) (emphasis in original).  An injunction may only be awarded

10 upon a clear showing that the plaintiff is entitled to relief. *Id*. at 22 (citation omitted).

11       The pendency of this action does not give the court jurisdiction over prison officials in

12 general. *Summers v. Earth Island Institute*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United*

13 *States*, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this

14 action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at

15 491–93; *Mayfield*, 599 F.3d at 969.  Thus, "[a] federal court may issue an injunction [only] if it

16 has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not

17 attempt to determine the rights of persons not before the court." *Zepeda v. United States*

18 *Immigration Serv.*, 753 F.2d 719, 727 (9th Cir.1983); *see* Fed. R. Civ. P. 65(d) (listing persons

19 bound by injunction).

20                                         ANALYSIS

21       In plaintiff's initial motion for injunctive relief, he asserts that although his wheelchair

22 chrono was taken away in 2013, precipitating the filing of this action, he was actually allowed to

23 keep the wheelchair for several more years.  Plaintiff asserts that on July 8, 2016, he was finally

24 forced to surrender the wheelchair.  Plaintiff attaches to his motion a Reasonable Modification or

25 Accommodation Request, CDC Form 1824, stating that he was forced to surrender his wheelchair

26 on July 8, 2016 and was given a walker, but that a walker is insufficient, and requesting that he be

27 allowed to use a wheelchair for journeys over 100 yards.  (Doc. No. 35, p. 2.)  The form is dated

28 July 10, 2016.  Plaintiff seeks an order granting him injunctive relief and requiring that he be

1    allowed to use a wheelchair until this action is resolved.

2         In plaintiff's second motion for injunctive relief, he asserts that on February 17, 2017, he

3    received the exhausted appeal denying his request for use of a wheelchair and accompanying

4    ADA status.  Among the documents attached to that motion are a health care appeal dated July

5    26, 2016, in which plaintiff seeks both to be examined by a podiatrist and neurologist and that he

6    be allowed to use a wheelchair.  (Doc. No. 37 at 9.)  Plaintiff also attaches to his motion a

7    Director's Level Decision on that appeal, dated February 13, 2017, stating that his appeal has

8    been denied.  (*Id*. at 5.)  Plaintiff contends that prison officials "shun" his claim to medical

9    treatment in regards to his frost-bitten feet, and that there is a conspiracy to deny him medical

10   treatment.  Plaintiff seeks a temporary restraining order requiring prison officials to provide him

11   necessary medical aids.

12        Plaintiff has not met the requirements for the injunctive relief he seeks in his pending

13   motions.  As to plaintiff's request for injunctive relief allowing him to use a wheelchair, the

14   evidence he has submitted shows that he is now being treated by different medical staff than the

15   defendants named in this action.  That evidence also reflects that plaintiff has been provided a

16   walker by prison officials to aid in his mobility.  Although plaintiff asserts that he prefers a

17   wheelchair for journeys of a certain distance, he has not submitted any evidence showing that he

18   will suffer serious or irreparable harm by being denied a wheelchair.  Furthermore, at this early

19   stage of the litigation, the court does not find that plaintiff has shown a likelihood of succeeding

20   on the merits.  Rather, his claim in this action was allowed to proceed based on his allegations

21   that he was not receiving any medical treatment for his condition from the defendants, not on any

22   claim, or finding by the court, that he required a wheelchair which he was improperly denied.

23   Plaintiff concedes that although his chrono was revoked by the defendants named in this action,

24   he was ultimately allowed to retain his wheelchair for several more years, and was only forced to

25   surrender it in July 2016 by those then providing his care.  This action does not give the court

26   jurisdiction over prison medical staff generally, and plaintiff has not shown that he has met the

27   requirements to be granted preliminary relief before the merits of this case are decided.

28   /////

1       As to plaintiff's request in his second motion for injunctive relief, his wording is vague,

2 and it is not clear what medical treatment he seeks to be provided through the temporary

3 restraining order he has requested.  Plaintiff asserts a need for extra bedding and clothing due to

4 the lack of heating in housing and shower areas, but it is unclear that these alleged conditions of

5 confinement are in any way related to his inadequate medical care claim presented in this action.

6 Nor has plaintiff shown any possibility of irreparable harm or a likelihood of success on his

7 claims, as discussed above.  In sum, plaintiff has not shown that he meets any of the requirements

8 for issuance of a temporary restraining order or preliminary injunction.

9 ORDER

10       Based on the foregoing,

11     1.  Plaintiff's motion for a preliminary injunction, filed July 18, 2016 (Doc. No. 35), is

12         denied; and

13     2.  Plaintiff's motion for a temporary restraining order, filed February 27, 2017 (Doc. No.

14         37), is denied.

15 IT IS SO ORDERED.

16     Dated:  __**March 15, 2017**__

17                                      UNITED STATES DISTRICT JUDGE