**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY CAESAR, | Case No.: 1:13-cv-01726-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S |
| v. | MOTION FOR PRELIMINARY INJUNCTION/PERMANENT INJUNCTION BE |
| JEFFREY BEARD, et al., | DENIED |
| Defendants. | (ECF No. 43) |

Plaintiff Danny Caesar is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's request for a preliminary injunction/permanent injunction with supporting declaration, filed on May 25, 2017. (ECF No. 43.)

I.       **Motion for Preliminary Injunction/Permanent Injunction**

Plaintiff requests that the Court issue an order to Warden M.E. Spearman of High Desert State Prison, where Plaintiff is currently housed. Plaintiff states that Warden Spearman is not a party to this action, but he seeks for the Court to order Warden Spearman to send Plaintiff for a professional medical diagnosis by a neurologist, or to have a neurologist visit Plaintiff at the prison. Plaintiff asserts that he requires diagnostic testing which is necessary for him to prove his damages in this action. Plaintiff argues that results from an outside, experienced neurologist will prove and support his claims at trial. Plaintiff states that he does not have time to exhaust his remedies through that system because he will be irreparably harmed and will suffer permanent damage.

1

### A.      Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis in original).

"A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985). The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987).

### B.      Analysis

From Plaintiff's arguments, it appears that the primary purpose of his request is to have an expert appointed to assist him with expert testimony in prosecuting his case. The court has the discretion to appoint an expert pursuant to Rule 706(a). In relevant part, Rule 706 states that "[o]n a

2

party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed. . . . " Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702. While the court has the discretion to appoint an expert and to apportion costs, including apportionment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the court should exercise caution. Manriquez v. Huchins, No. 1:09-cv-00456-LJO-BAM-PC, 2012 WL 5880431, at *12 (E.D. Cal. 2012).

Here, the expert is not for neutral purposes to assist the court or trier of fact, but is instead sought by Plaintiff an advocate. Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. Manriquez, 2012 WL 5880431 at *14 (purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate); Brooks v. Tate, No. 1:11-cv-01503-AWI-DLB-PC, 2013 WL 4049043, *2 (E.D. Cal. Aug. 7, 2013) (avoiding bias or otherwise assisting one party is not the purpose of Rule 706); Gorrell v. Sneath, No. 1:12-cv-0554-JLT, 2013 WL 3357646, *1–2 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party). Thus, the appointment of an expert at Plaintiff's request is not appropriate.

## II.   Conclusion and Recommendation

For these reasons, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary/permanent injunction, filed May 25, 2017 (ECF No. 43), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 18, 2017**                              /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE