UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CAESAR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　　Defendants. | No. 13-cv-01726-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR A COURT-APPOINTED EXPERT WITNESS<br><br>(Doc. Nos. 43, 48) |

Plaintiff Danny Caesar is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On July 18, 2017, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for a preliminary/permanent injunction, construed as a motion for an appointed expert witness pursuant to Federal Rule of Evidence 706(a), be denied. (Doc. No. 48.) The parties were provided thirty days during which to file objections to those findings and recommendations. (*Id.*) Plaintiff timely filed objections received by the court on August 21, 2017. (Doc. No. 50.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's

1

objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The court has reviewed plaintiff's objections and finds them to lack merit. The primary factor for the court to consider in deciding whether to appoint a neutral expert witness "is whether doing so will promote accurate factfinding." *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1178 (E.D. Cal. 2011) (citation omitted). Implicit is the notion that the court must actually be engaged in factfinding. *Id.* at 1184–85 (finding that it may be appropriate to deny a request to appoint an expert witness when "made at a point in litigation where evidence is not being evaluated"). In his objections, plaintiff has not identified any pending motion for which expert assistance would be helpful to the court, and the court therefore finds that plaintiff's motion for the appointment of a neutral expert is, at the very least, premature. *Vanderbusch v. Chokatos*, No. 1:13-cv-01422-LJO-EPG, 2017 WL 4574121, at *1 (E.D. Cal. Oct. 13, 2017) (plaintiff's request for an expert witness denied on the ground that a trial date had not yet been scheduled); *Flournoy v. Maness*, No. 2:11-cv-02844-KJM-EFB, 2016 WL 6493970, at *1 n.1 (E.D. Cal. Nov. 2, 2016) (declining to appoint a medical expert because "there are no pending motions for summary judgment at this time").

Accordingly,

1. The July 18, 2017 findings and recommendations (Doc. No. 48) are adopted in full; and

2. Plaintiff's motion for a preliminary/permanent injunction, construed as a request for the appointment of an expert medical witness (Doc. No. 43), is denied.

IT IS SO ORDERED.

Dated: **October 24, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE