| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CAESAR, | Case No.: 1:13-cv-01726-DAD-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| LOPEZ, et al., | (Doc. 65) |
| Defendants. | |

**I.     Introduction**

Plaintiff Danny Caesar is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's claim against Defendants Patel, Lopez, and Nanditha for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, and against Defendant Patel for retaliation in violation of the First Amendment.

Currently before the Court is Plaintiff's motion to compel discovery responses, filed on March 19, 2018. (Doc. 65.) On March 21, 2018, the Court directed the parties to meet and confer regarding Plaintiff's motion, and required a joint statement to be filed within thirty (30) days of that order. (Doc. 66.) On April 20, 2018, Defendants timely filed a response to the order. (Doc. 67.) The motion is now deemed submitted. Local Rule 230(l).[1]

---

[1] Defense counsel signed the response, but Plaintiff refused to do so, apparently under a misunderstanding that the Court would not rule on his motion to compel if he signed the response. Nevertheless, it appears Plaintiff participated in the meet and confer process in good faith.

1

## II. Discussion

According to the joint statement, the parties resolved most of their disputes, and only one main issue remains, along with two questions that Plaintiff raised. The Court will address these matters in more detail here.

### A. Plaintiff's First Requests for Inspection

In Plaintiff's first set of requests for inspection, Plaintiff sought pictures reflecting locations at Kern Valley State Prison, including the locations of the pill-call line in Buildings A-2 and A-8, a cell where he allegedly slipped, and a picture of a shower. Defendants object because no responsive photographs exist, and they assert that they are not required to create documents in response to a discovery request. Plaintiff asserts that taking the photographs would take minimal effort.

The Court understands Plaintiff to be requesting that photographs be taken which do not already exist. Defendants are not obligated to create such photographs in response to Plaintiff's request for inspection. *See Goolsby v. Carrasco*, 2011 WL 2636099 at *8–9 (E.D. Cal. July 5, 2011) (denying plaintiff's motion to compel production of documents where plaintiff's request required defendant to "create documents, as opposed to produce already existing documents"). To the extent that Plaintiff requires evidence about the locations where the events at issue took place, he may testify as to those facts, he may question other witnesses, he may create his own drawings, or he may request that Defendants stipulate to facts.

Accordingly, the motion to compel these requests are denied. Defendants are further warned that if they create any responsive documents or photographs for use at trial, they must be produced to Plaintiff for inspection. *See* Fed. R. Civ. P. 26(e)(1).

### B. Other Issues

During the meet and confer, Plaintiff raised a couple of other issues to address. First, he stated that he required responses from Defendant Patel to his Interrogatories, Set One to conduct certain other discovery. Defense counsel asserts that the preparation of the responses was delayed due to out of town travel by Defendant Patel, but are in progress. Plaintiff also expressed some concern about the upcoming discovery deadline of May 22, 2018.

///

Plaintiff has not filed any request to extend the discovery deadline, and the Court does not have sufficient information here to determine whether Plaintiff has good cause for any such extension based on a delay in receiving responses to his Interrogatories, Set One, from Defendant Patel. The Court would need to know specifically what discovery still needs to be done and why, and information as to Plaintiff's efforts to be diligent here. As was explained in the September 22, 2017 Discovery and Scheduling Order, any request to extend a deadline must be filed on or before the expiration of that deadline, and must be supported by a showing of good cause. (Doc. 55 ¶ 10.)

Plaintiff also told defense counsel that he wants Defendants to obtain his dental records from the county jail where he was previously housed. Defense counsel informed Plaintiff that he can request his own records.

Plaintiff is informed that he may not use discovery to obtain free copies of documents that equally available to him, but must obtain them himself through the proper channels. *See Jones v. Lundy*, 1:03–cv–05980–AWI–LJO-PC, 2007 WL 214580, at *1 (E.D. Cal. Jan. 25, 2007) (a plaintiff's medical file and health records are equally available to him, and he must request to review and copy the files himself).

### III. Conclusion and Order

For the reasons explained, it is HEREBY ORDERED that Plaintiff's motion to compel discovery responses, filed on March 19, 2018 (Doc. 65) is denied.

IT IS SO ORDERED.

Dated: **April 24, 2018**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

3