UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CAESAR,<br><br>    Plaintiff,<br><br>    v.<br><br>LOPEZ, et al.,<br><br>    Defendants. | No. 1:13-cv-01726-DAD-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 69) |

Plaintiff Danny Caesar is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's second amended complaint against defendants Patel, Lopez, and Nanditha for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and against defendant Patel for retaliation in violation of the First Amendment. The claims arise out of events occurring at Kern Valley State Prison ("KVSP") in late 2012 and early 2013.

Currently before the court is plaintiff's motion for reconsideration of an April 24, 2018 order issued by the assigned magistrate judge, denying his motion to compel. (Doc. No. 69.) Defendants filed an opposition to plaintiff's motion for reconsideration on June 5, 2018 (Doc. No. 71), and plaintiff filed a reply on June 18, 2018 (Doc. No. 72). Pursuant to Local Rule 230(l), the motion is deemed submitted without oral argument.

Following a meet and confer and the submission of a statement regarding plaintiff's motion to compel, the assigned magistrate judge denied plaintiff's motion. (Doc. No. 68.) In

large part, the magistrate judge determined that the parties had resolved most of the dispute themselves. (*Id.*) Plaintiff seeks reconsideration of that order, and moves to compel responses to his First Request for Inspection, and to six of the ten requests made in his First Set of Interrogatories, each made to the California Department of Corrections ("CDCR"). Plaintiff also seeks the imposition of monetary sanctions if his motion is granted. The court addresses these issues in turn.

Plaintiff's First Request for Inspections requests the production of photographs of certain locations at KVSP, including the locations of the pill-call line in Buildings A-2 and A-8, a cell where he allegedly slipped, and a picture of a shower. (Doc. No. 69 at 27.) Defendants objected that no responsive photographs of these areas exist, and that they are not required to create documents in response to a discovery request.

The assigned magistrate judge denied the motion to compel with respect to this discovery request by plaintiff. (Doc. No. 68 at 2.) The magistrate judge further advised defendants that if any responsive documents or photographs were created, such as for use at trial, they must be produced to plaintiff for inspection under the continuing duty to supplement or correct disclosures pursuant to Federal Rule of Civil Procedure 26(e)(1). (*Id.*)

Defense counsel received an amended discovery request from plaintiff in a letter dated May 28, 2018, asserting that rather than photographs, plaintiff would accept floorplans. (Doc. No. 71 at 25.) In their opposition to the motion for reconsideration, defendants assert that they will determine if any schematics exist, and if they do exist and are not confidential, will produce them to plaintiff. (*Id.* at 6.) Defense counsel indicated they would advise plaintiff within ten days, or by June 15, 2018, if floorplans of the areas in question are unavailable.[1] (*Id.*)

Based on the foregoing, it appears that the parties are still working at resolving this discovery dispute, and that court intervention at this time is not appropriate or required. Informal

---

[1] Plaintiff's reply in support of his motion for reconsideration repeats his assertion that floorplans will suffice in lieu of photographs, thus suggesting that plaintiff had not yet received communication from defense counsel regarding the availability of floorplans. Plaintiff's reply, however, is dated June 13, 2018—before the June 15, 2018 deadline by which defense counsel indicated they would respond.

2

resolution of these discovery disputes between the parties is highly encouraged. Therefore, plaintiff's motion to reconsider this issue will be denied without prejudice.

Regarding the disputed interrogatory requests, as noted above, those interrogatories were first propounded on CDCR. CDCR is not a party to this action. (*See* Doc. Nos. 49, 66.) Earlier in this case, defense counsel advised plaintiff that CDCR would not respond to the First Set of Interrogatories. (Doc. No. 67 at 2.) Instead, as a compromise, defense counsel requested that plaintiff propound the interrogatories to defendant Lopez, who would answer them, to the extent not objectionable. (*Id*. at 3.) Plaintiff agreed and complied with that request. (*Id*. at 4.)

Due to the time spent working out that dispute, responses to these interrogatories were only served on plaintiff on May 25, 2018, after the assigned magistrate judge issued the April 24, 2018 order that plaintiff seeks reconsideration of here. (*See* Doc. No. 71, Ex. A.) Therefore, the assigned magistrate judge did not issue any ruling on the matter. The undersigned declines to consider this discovery dispute in the first instance, and instead refers it to the assigned magistrate judge for further consideration and only if appropriate and necessary.

Plaintiff also raises a request in his reply brief for a modification of the discovery and scheduling order. The undersigned refers that matter to the assigned magistrate judge for consideration as well. Because plaintiff's motion for reconsideration will be denied in part and referred in part back to the assigned magistrate judge in light of ongoing discovery developments, no monetary sanctions will be imposed.

For these reasons,

1. Plaintiff's motion for reconsideration, filed on May 7, 2018 (Doc. No. 69), is denied in part, as explained above; and
2. The remaining outstanding discovery matters discussed above are referred to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **August 9, 2018**

UNITED STATES DISTRICT JUDGE

3