**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY CAESAR, | Case No.: 1:13-cv-01726-DAD-BAM (PC) |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | |
| LOPEZ, et al., | (Doc. No. 69) |
| Defendants. | |

### I. Background

Plaintiff Danny Caesar is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's second amended complaint against defendants Patel, Lopez, and Nanditha for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and against defendant Patel for retaliation in violation of the First Amendment. The claims arise out of events occurring at Kern Valley State Prison ("KVSP") in late 2012 and early 2013.

On March 19, 2018, Plaintiff filed a motion to compel. (Doc. No. 65.) On April 24, 2018, the motion was denied. (Doc. No. 66.) On May 7, 2018, Plaintiff filed a motion for reconsideration of the April 24, 2018 order, directed to the District Judge. (Doc. No. 69.)

On August 9, 2018, the District Judge denied in part Plaintiff's motion for reconsideration, and referred certain matters back to the undersigned for further consideration, if appropriate and necessary. (Doc. No. 75.) Thus, the Court now addresses those matters.

## II. Interrogatories

First, Plaintiff seeks to compel further responses from Defendant Lopez to the Second Set of Interrogatories. The interrogatories at issue request statistical information about all medical appeals at KVSP between 2010 and the present, including how many were from Sensitive Needs Yard ("SNY") inmates, how many were from non-SNY inmates, and how many were granted, partially granted, or denied, for each of those groups of inmates. (Doc. No. 71, at 9-14.) Defendants responded that such information could not be fully provided because the California Correctional Health Care Services does not maintain any data breaking down medical appeals based on specific yards at KVSP. Plaintiff was provided statistics on how many medical appeals were received at KVSP overall from July 2012 to December 2013 (1,552 medical appeals). (*Id.*) Plaintiff was also provided data about how many of those appeals were granted, denied, and partially granted, including at what level of review those appeals were granted or partially granted, where applicable. (*Id.*)

In support of his motion to compel, Plaintiff argues that the information he seeks can be determined by a manual review of the medical appeals. Plaintiff further contends that the information is needed so that he can determine whether different medical practices are applied to different inmates based on their yard. Specifically, Plaintiff asserts that the information will help show whether Defendants denied him sufficient medical care to incompetence, or whether they engaged in a "sinister practice" of providing preferential treatment for certain prisoners. (Doc. No. 72, at 3-4.)

Federal Rule of Civil Procedure 26(b)(2)(iii) expressly limits discovery where the burden or expense of the proposed discovery outweighs its likely benefit. *See, e.g.*, *Green v. Baca*, 219 F.R.D. 485 (C.D. Cal. 2003). "[I]n determining whether a request is overbroad, the court must weigh the costs of compelling discovery against the movant's asserted interest in the information sought." *Meeks v. Parsons*, No. 1:03-cv-06700-LJO-GSA, 2009 WL 3003718 (E.D. Cal. Sept. 18, 2009) (citing *Richards of Rockford, Inc. v. Pacific Gas & Elec. Co.*, 71 F.R.D. 388, 390 (N.D. Cal. 1976)). Similarly, "[i]n determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery. . . . This balance requires a court to consider the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in

resolving the issues." *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1053–54 (S.D. Cal. 1999).

Here, the Court finds that the burden and expense of manually reviewing over a thousand paper records of the medical appeals, if possible, that Plaintiff requests outweighs the likely benefit of the discovery sought. Plaintiff's case concerns whether the medical provider Defendants severely undertreated his frostbite residuals based on his allegations that they refused to accept the fact that he suffers from that condition. (Doc. No. 40.) Thus, his claim concerns the provision of medical care to him. Plaintiff has not shown that the medical care provided to other inmates bears any relevance to Plaintiff's claim or a defense here. The burden Plaintiff seeks to impose is unduly burdensome, and Plaintiff's request to compel further responses to the Second Set of Interrogatories to Defendant Lopez is denied.

### III. Extension of Discovery Deadline

Plaintiff also seeks a six-month extension of the discovery deadline, which ended on May 22, 2018. (Disc. and Scheduling Order, Doc. No. 55.) Plaintiff contends that the extension is necessary because this is his first time conducting discovery as a litigant, and he made some errors. He further asserts that defense counsel took long periods to give responses to his requests. Finally, he is concerned about future motions to compel.

The Court finds that Plaintiff has failed to show the diligence and good cause necessary to extend the discovery deadline. Court construes Plaintiff's pleadings liberally due to his *pro se* status, but a *pro se* litigant is nevertheless responsible for complying with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders, including the deadlines set in the discovery and scheduling order. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Further, although Plaintiff complains of delays by defense counsel, he provides no information on how he was prejudiced by such delays, nor any explanation for what discovery still needs to be done and why. The Court previously informed Plaintiff that such information would be necessary to evaluate any request to extend the discovery deadline some months ago. (*See* April 24, 2018 Order, Doc. No. 68.) Plaintiff was also informed that any motions to compel must be filed before the May 22, 2018 deadline, and that they would not be considered after that date.

(Disc. and Scheduling Order ¶ 7.) His request for a six-month extension of what was initially an eight-month discovery period, is unreasonable. For these reasons, Plaintiff's request to extend the discovery deadline is denied.

**IV. Conclusion**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request to compel further responses to the Second Set of Interrogatories to Defendant Lopez, (Doc. No. 69) is denied; and

2. Plaintiff's request to extend the discovery deadline (Doc. No. 72) is denied.

IT IS SO ORDERED.

Dated: **August 13, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE